```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF KENTUCKY
               CENTRAL DIVISION at LEXINGTON
```

| | | |
|---|---|---|
| DANIEL CLINTON TAYLOR, | ) | |
| Petitioner, | ) | Civil No. 5: 21-264-JMH |
| V. | ) | |
| WARDEN DAVID PAUL, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

Petitioner Daniel Clinton Taylor is a federal prisoner previously confined at the Federal Medical Center ("FMC")-Lexington located in Lexington, Kentucky. Proceeding without counsel, Taylor filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the calculation of his sentence by the Bureau of Prisons ("BOP"). [DE 1]. Specifically, Taylor claims that prison officials have failed to apply the provisions of the First Step Act to his prison sentence calculations, thus depriving him of Earned Time Credits to which he is entitled, as well as impacting his release to a halfway house. [DE 1]. As relief, he seeks immediate release from custody at FMC-Lexington to either a halfway house or home confinement. [DE 1, at 9].

In response, the Respondent Warden states that Taylor was transferred by the BOP to home confinement on January 14, 2022,

thus receiving the relief he seeks in his petition. [DE 11]. Taylor did not file a reply to the response and his time for doing so has now expired. Thus, this matter is ripe for review.

Under Article III of the United States Constitution, the judicial Power of the federal courts extends to "Cases" and "Controversies." U.S. Const. art. III, § 2, cl. 1. This requirement limits the federal courts' jurisdiction to addressing suits with a "real and substantial controversy admitting of specific relief through a decree of a conclusive character." *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) (citation omitted). Thus, "federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them." *Id*.

If "events occur during the pendency of a litigation which render the court unable to grant the requested relief," the case becomes moot, and the court loses jurisdiction to entertain it. *Abela v. Martin*, 309 F.3d 338, 343 (6th Cir. 2002) (internal citations and quotation marks omitted); *see also Already, LLC v. Nike, Inc*., 568 U.S. 85, 91 (2013) ("A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III — when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.") (internal quotation marks and citation omitted).

In this case, Taylor's § 2241 petition seeks release to either a halfway house or home confinement. As Taylor has now been granted the relief that he seeks via release to home confinement, his § 2241 petition is now moot, and there is no case or controversy for this Court to decide. Therefore, the Court will deny Taylor's petition as moot. *Pettrey v. Enterprise Title Agency, Inc.*, 584 F.3d 701, 703 (6th Cir. 2009).

Because the Court finds that Taylor's petition must be denied as moot, it declines to address the remaining alternative arguments for denial set forth by the Respondent in his response.

Accordingly, it is hereby **ORDERED** as follows:

(1) Taylor's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 [DE 1] is **DENIED AS MOOT**;

(2) The Court will enter an appropriate judgment;

(3) This matter is **STRICKEN** from the Court's docket; and

(4) The Clerk of the Court shall forward a copy of this Memorandum Opinion Order and Judgment to Taylor at the address provided by Respondent [DE 12]:

> Daniel Clinton Taylor
> 442 Carriage House Lane
> Hendersonville, TN 37075

This 20th day of May, 2022.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

3